IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathanael Lenard Reynolds, | ) | C/A No.: 4:15-2722-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Asst. Public Def. Amanda Shuler, | ) | REPORT AND RECOMMENDATION |
| Esquire; and Jack D. Howle, Jr., | ) | |
| Esquire, Third Circuit Public Defender's | ) | |
| Office, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Nathanael L. Reynolds ("Plaintiff"), proceeding pro se and in forma pauperis, is a pretrial detainee currently incarcerated in the Charleston County Detention Center. Plaintiff filed this action against Williamsburg County Public Defenders Amanda Shuler ("Shuler) and Jack D. Howle ("Howle") (collectively "Defendants"), alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff states he was arrested on May 14, 2014, and Amanda Shuler was appointed as his public defender. [ECF No. 1 at 3]. Plaintiff alleges he had a preliminary hearing on July 16, 2014, and Shuler did not appear. *Id.* Plaintiff claims Williamsburg

County Solicitor Tyler Brown ("Brown") told him Shuler was in the courthouse, but was busy. *Id.* Plaintiff states he did not see Shuler the day before his hearing and claims she never came into the courtroom to talk to him. *Id.* Plaintiff alleges Brown asked the judge to continue the hearing and that this delay violated his due process rights. *Id.* Plaintiff alleges his preliminary hearing was rescheduled for August 28, 2014, but Shuler was tardy. *Id.* at 3–4. Plaintiff claims his hearing was continued again due to Shuler's absence. *Id.* at 4.

Plaintiff states he wrote Howle, Shuler's boss, about Shuler's lack of diligence and incompetence, but Howle never responded to his letter. *Id.* at 4. Plaintiff states that his preliminary hearing was rescheduled for September 25, 2014, and Shuler asked him the day before if he wanted to plead guilty. *Id.* at 4–5. Plaintiff claims he was not allowed to be present for the September 25 preliminary hearing. *Id.* at 5. Plaintiff alleges Shuler subsequently told him she would seek a bond reduction and asked him to stop writing Howle. *Id.* Plaintiff alleges Shuler asked to be relieved as counsel for Plaintiff on October 23, 2014. *Id.* at 5.

Plaintiff argues Shuler's representation was ineffective. *Id.* Plaintiff sues Howle for failing to adequately control and train his assistant public defenders. *Id.* at 6. Plaintiff seeks injunctive relief and monetary damages. *Id.* at 7.

II.    Discussion

A.    Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the

2

administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

1.    Public Defender (Shuler)

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff alleges Shuler failed to provide him with effective legal representation. A criminal defense attorney, whether retained or appointed, does not act under color of state law or federal law. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn.8–9, 12–14 (1981). As the performance of traditional legal functions does not constitute state action under § 1983, Shuler is entitled to summary dismissal from this case.

2.    Supervisory Liability (Howle)

The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from

a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization). Plaintiff's complaint provides no allegations to demonstrate Howle was deliberately indifferent to any constitutional risk of injury to Plaintiff. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). Accordingly, Howle is entitled to summary dismissal from this action.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.[1]

IT IS SO RECOMMENDED.

August 12, 2015                              Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[1] To the extent Plaintiff also asserts state law claims, he has not asserted any independent basis for the court's jurisdiction.

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).